# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | |
| FALKE, INC., | Case No.  05-11818-RGM |
| Debtor. | (Chapter 11) |
| FALKE, INC., | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 05-1488 |
| CAFRITZ COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION

This case is before the court on the motion in limine filed by Falke, Inc., seeking to exclude proposed trial exhibits that were not disclosed by Cafritz Company in its initial disclosures required under F.R.Civ.P. 26(a)(1). Falke states that "Cafritz produced an incomplete set of documents in accordance with Federal Rule 26(a)(1), bate stamped 1 through 1939, and assured Falke that it would 'receive another package with the remainder of [Cafritz's] Statement' the following day." Falke's Memorandum in Support of Its Motion in Limine, ¶14. "Cafritz never provided the remainder of its 26(a)(1) statement." Memorandum, ¶15. It asks that those documents, witnesses and damage computations not provided in the initial disclosure be excluded from evidence at trial. F.R.Civ.P. 37(c)(1).

Cafritz does not deny that it failed to comply with Rule 26(a)(1), nor does it offer an excuse for its failure to comply. Its defense is that with the exception of one trial exhibit, its computation

1

of damages, Falke had all its proposed trial exhibits in its possession for over two years. It elaborates by arguing that Falke created, received or "otherwise possessed" them during the course of the relationship between the parties from May 2003 to March 2004; that Falke waived Rule 26(a)(1) disclosures in a prior suit in the United States District Court for the District of Columbia;[1] that copies were "made available" during mediation ordered by the District Court; and that it produced almost 2,000 pages of their exhibits as a part of its initial disclosures. Opposition of Cafritz Company to Falke's Motion in Limine at 3-4. The argument is without merit. There is no exception in Rule 26(a)(1)for documents already in the opposing party's possession. The purpose of the automatic disclosure rule is to reduce the burden and expense of discovery by requiring all parties to fully disclose the enumerated matters at an early time. Full and complete disclosure assists all the parties in preparing for trial, reduces the amount of time and effort necessary to prepare for trial, and may even eliminate the need for discovery itself. The question is not what Falke has, or at one time had, but whether Cafritz provided the required documents in this case. Cafritz cannot supplant the plain language of the rule with a new rule that seeks to exonerate it from complying based on its own belief – or hope – that Falke already has the documents. If Cafritz was concerned that the required initial disclosures in this case were unduly burdensome or unnecessary, the proper remedy was to seek modification of its duties under Rule 26(a)(1). In proper cases, relief will be granted. Such concerns do not justify withholding information.

Cafritz seeks to distinguish proposed Exhibit 294, its damage calculations. It argues that it is not an exhibit. "It is a visual aid, and parties are entitled to present visual aids at trial." Opposition, ¶1e. But, they are not entitled to have the visual aid admitted into evidence and should

---

[1] Cafritz clarifies that the agreement was with Ambassador, Inc., not it. Opposition, fn5.

not submit them as part of their proposed exhibits. More important, Rule 37(c)(1) speaks to "information," not the form in which the information is presented at trial.

Cafritz argues that Falke could have obtained these documents if it had conducted discovery. The point of Rule 26(a)(1) is to reduce the need for discovery and, perhaps, eliminate it in its entirety. Yes, Falke could have obtained the documents and information through discovery; but, Cafritz had the duty to provide the material without a discovery request.

The only matter remaining is the remedy. The automatic remedy is exclusion if Cafritz, without substantial justification, failed to disclose information and the failure was not harmless. F.R.Civ.P. 37(c)(1). Clearly Cafritz' failure was not justified. It knew of its obligation. It partially complied. It promised full compliance. It failed to comply. It offered no explanation for its failure.

Cafritz argues that its failure was harmless because Falke had all the information anyway. The failure to disclose was not harmless. Important documents can be hidden in a mountain of irrelevancy. Falke would have benefitted by Cafritz identifying those documents that it "may use to support its claims or defenses", a group of documents that is a subset of all of the documents that Falke had, assuming that Falke, in fact, had them. Falke prepared its case on the basis of the disclosures made and filed its trial exhibits on this basis. It is now faced with different evidence against it. It must now incorporate the new material into the presentation of its case. The time within which to file exhibits that may be responsive has expired. Moreover, the volume of material not disclosed is significant. The failure to disclosure was not harmless.

The court is not obligated to exclude the information not properly and timely disclosed. Rule 37(c)(1) makes plain that the court may craft other sanctions which may be in "addition to or in lieu of" exclusion. F.R.Civ.P. 37(c)(1). In this case, the court sees no reason to deviate from the

automatic remedy of exclusion. It is clear that Cafritz flouted its obligation to disclose. It knew of its obligation. It partially complied. It promised immediate full compliance. It willfully failed to comply. Now it seeks to avoid the consequences of its own failure, not by explaining its failure, but by seeking to make Falke's conduct the issue.[2] Falke's conduct is not the issue. Cafritz' is.

The motion will be granted in full. Falke will be awarded its costs and fees in obtaining this order.

Alexandria, Virginia
February 22, 2006

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copies to:

Julie A. Quagliano
Patrick J. Potter

12754

---

[2] In addition to trying to make Falke appear to be overreaching by insisting on disclosure of documents it may already have had, it starts its opposition to Falke's motion with footnote 1 which is located at the end of the first sentence on page 1 of its Opposition. The footnote reads, in part:

> The Debtor in the main chapter 11 case conducts no operations for revenue and appears to be administratively insolvent. For example, in the last monthly operating report (filed on February 17, 2006), the Debtor reported a negative cash position of approximately minus $4,400. See Exhibit 1 at the fifth unnumbered page attached. Under these circumstances, Defendant questions the merit in using scarce bankruptcy estate resources to fund litigation regarding the admissibility of Defendant's trial exhibits that were possessed by the Debtor for approximately 2 years.

Opposition of Cafritz Company to Falke's Motion in Limine, n1. Falke's solvency or insolvency and its wisdom or lack of wisdom in using its resources has no bearing on the merits of this motion. The court can discern no reason for including this footnote except in a vain attempt to inflame passions or a futile hope of obtaining a non-merits based resolution.