# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: <br><br> FALKE, INC., <br><br> Debtor. | Case No. 05-11818-RGM <br> (Chapter 11) |
| FALKE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CAFRITZ COMPANY, <br><br> Defendant. | Adv. Proc. No. 05-1488 |

## MEMORANDUM OPINION

Cafritz Company filed a motion in limine (Docket Entry 42) objecting to Falke using all trial exhibits submitted by it. F.R.Civ.P. 37(c) which is incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7037. Cafritz asserts that Falke did not provide any of its initial disclosures by November 29, 2005, the date set forth in the original scheduling order. Falke made its initial disclosures on December 29, 2995. Cafritz made its initial disclosures on January 17, 2006. Cafritz argues that this court previously held, in sustaining Falke's motion in limine, that any untimely filed initial disclosures would not be admitted into evidence at the trial in this case. *See* Order entered February 22, 2006. (Docket Entry 40).

Cafritz is mistaken about the court's prior order. The prior order addressed Cafritz' willful failure to disclose documents required by Rule 26(a). Notwithstanding the obvious fact that Cafritz

1

was also late in making its initial disclosure on January 17, 2006, the initial disclosures made by Cafritz were not excluded.

The deadline for making initial disclosures was intended by both parties to be changed from November 29, 2005, the date set in the initial scheduling order, to December 29, 2005. A stipulation of the agreement was filed on November 18, 2005, which was timely by the terms of the initial scheduling order. No one appeared in court on November 29, 2005, and the matter was not placed on the court's docket. Consequently, the matter was not brought to the attention of the court. On December 13, 2005, an order was filed that would have reduced the stipulation to an order of this court. However, it was not electronically submitted through the bankruptcy orders procedures systems (BOPS) and was, again, not brought to the attention of the court.

On January 10, 2006, the parties argued Cafritz' motion to dismiss. At the conclusion of the hearing, the parties raised the issue of continuing the pretrial conference and changing the discovery schedule. The essential request was to continue the pretrial conference from February 13, 2006, to April 10, 2006. No motion for a continuance or to change the then existing discovery schedule was filed and no proposed order was submitted through BOPS. Regretfully, while the court agreed to look at the unscheduled matter, it did not. Unfortunately, no follow-up was made by either counsel as to changing the discovery schedule or continuing the pretrial. At the February 13, 2006, pretrial conference, both parties filed their proposed trial exhibits and witness lists and agreed that they were ready for trial.

In this instance, although the parties sought to modify the initial scheduling order and agreed to a revised initial disclosure deadline of November 29, 2005, they did not achieve this result. The parties had a joint obligation to cooperate to achieve this and their failure was the result of confusion

2

of the procedures and the failure to follow-up. In examining the docket at this time, the court understands how this occurred. There appears to have been a genuine misunderstanding on the part of both parties as to how to accomplish the change.[1] What is clear is that the parties reached an agreement for a later initial disclosure date, December 29, 2005; that Falke complied with the agreed upon date; and that Cafritz did not. At the February 13, 2006, pretrial conference when the trial date was set, the matter became moot.

With respect to Cafritz' motion, both parties were not without substantial justification in providing their disclosures before December 29, 2005, their agreed upon date. Indeed, Falke was even more generous. It did not object to Cafritz' January 17, 2006 disclosures which were late in any event. While Cafritz is correct that the parties are bound by the court's orders concerning discovery unless the orders are later modified, the issue here is whether sanctions should be imposed under Rule 37(c). Those questions are different. Here, the parties' mutual confusion satisfactorily explains their noncompliance. Thus, Cafritz' motion to exclude ***all*** of Falke's proposed exhibits because they were first disclosed after November 29, 2005, is not well taken.[2]

Although Cafritz' motion does not raise the issue of whether there were documents included in Falke's proposed trial exhibits that were not included in its initial disclosures, Falke candidly seems to admit that there are. Whether those documents may be used in the trial of this matter must

---

[1] How Cafritz gets from the agreed disclosure date of December 29, 2005, to January 17, 2006, has not been explained and is not readily apparent from the record before the court.

[2] Cafritz, recognizing the anomaly that would result if it could use its proposed exhibits that were first disclosed a month ***after*** Falke's were disclosed, argues that ***all*** exhibits – both theirs and Falke's – first disclosed after November 29, 2005, should be excluded. If the court were to adopt this rationale, no exhibits and no witnesses would be admissible at trial. The inevitable consequence would be that Falke would lose. It has the burden of proof. (Cafritz has withdrawn its counterclaims and is seeking to withdraw its proof of claim.) Cafritz' argument turns a sanction imposed on it for willfully failing to comply with its disclosure obligations into a non-merits based outcome favorable to it.

3

be analyzed in the same manner as were Cafritz', the test set out by the Fourth Circuit in *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Company,* 318 F.3d 592 (4th Cir. 2003).

With respect to the documents included by Falke in its proposed exhibits that were not a part of its initial disclosures, Falke asserts as an excuse that its project personnel are gone, its records have been repeatedly moved, and that locating the documents proved difficult. In addition to asserting that the omission was inadvertent and not willful, it asserts that Cafritz is not prejudiced because all of the documents merely supplement those that were in fact disclosed.

Unlike Cafritz which offered no explanation for its failure to comply, Falke offers an explanation. It is not possible to determine from the papers the validity of the explanation; whether its noncompliance was inadvertent, willful, not substantially justified; and whether it was harmless. These matters, particularly the excuse offered, require evidence and further evaluation. The matter will be set for a prompt status hearing.

Alexandria, Virginia
March 14, 2006

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Darrell W. Clark
Julie A. Quagliano
Patrick J. Potter

12805

4